## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBERTA RAE GUMM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. CIV-06-866-R** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a former federal prisoner[1] appearing pro se, brings this action pursuant

to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971), alleging violations of her constitutional rights.  United States District Judge David

L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings

consistent with 28 U.S.C. § 636(b)(1)(B).  The named Defendants filed motions to dismiss

to which Plaintiff has not responded.  Thus, the motions may be deemed confessed.

Local Civil Rule 7.1(g).  ("Any motion that is not opposed within 18 days may, in the

discretion of the court, be deemed confessed.")  For the following reasons, it is

recommended that Defendants' motions to dismiss be granted and that the complaint also

be dismissed as to the "Unknown Federal Officers."

Plaintiff brings this action against the Federal Bureau of Prisons ("BOP"), Dr. Tom

Goforth, Dr. L. Wiles, Physician Assistant Carlos Mier ("P.A. Mier"), Duty Officer Jones,

and unidentified federal correctional officers for alleged violations of her constitutional

---

[1] In February 2005, the United States District Court for the Western District of Missouri sentenced
Plaintiff to a 24-month term of incarceration.  Amended Complaint, para. 1.  Plaintiff completed this
sentence prior to filing suit.  See Complaint, p. 12, para. 41.

rights in connection with a slip and fall that occurred during her confinement at the Federal Transfer Center ("FTC") in Oklahoma City.[2]

Plaintiff alleges that on April 9, 2005, while she was confined at the FTC, she stepped into a liquid spilled on the floor which caused her to slip and fall. Amended Complaint, p. 2, para. 3.[3] She contends that she sustained severe injuries to her left ankle in the fall which ultimately required surgery. Id. She complains that she was "**denied proper and timely medical care and treatment** in connection with her injuries" and that Defendants "have **continued to willfully disregard Plaintiff's serious medical need**, by refusing to accord her proper medical care, treatment, follow-up care, [and] physical therapy . . . ." Id. (emphasis in original). Plaintiff alleges that she has undergone surgery "to correct and attempt to reduce the complications caused by the Defendants

---

[2] In addition to these Defendants, Plaintiff's original complaint named several Defendants affiliated with FCI Dublin, where Plaintiff completed the majority of her sentence, including, Dr. L. Abarca-Basile, Dr. Marcus Pang, Belen Ezaz, and Dr. Jupina. Plaintiff also named Rodriguez, the director of a private correctional facility where Plaintiff completed her sentence, and Officer Zimmerman from the FTC as Defendants. Complaint, pp. 1, 3, 9-11. The BOP, Drs. Goforth, Wiles, and Abarca-Basile, P.A. Mier, and Officers Zimmerman and Jones filed motions to dismiss the original complaint. See Motion to Dismiss [Doc. Nos. 30-34], p.1. In response, Plaintiff sought and was granted leave to amend her complaint. See Motion to Amend [Doc. No. 37], pp. 2-3 and Order [Doc. No. 38], p. 1. In the amended complaint, Plaintiff abandoned her claims against Drs. Abarca-Basile, Pang, and Jupina, Belen Ezaz, Rodriguez, and Officer Zimmerman. Compare Amended Complaint p. 2, with Complaint, pp. 3, 5-12. Accordingly, these Defendants are no longer parties to this action. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989) ("It is well established that an individual is not bound by . . . litigation in which he is not named as a party. The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original.") (citations omitted)); see also Franklin v. Kan. Dep't of Corr., No. 05-3166, 160 Fed. Appx. 730, 734 (10th Cir. Dec. 23, 2005) (finding that district court properly considered only the claims and defendants named in pro se defendant's amended complaint) (unpublished) cert. denied, 127 S. Ct. 1358 (2007); cf. Callahan v. Poppell, 471 F.3d 1155, 1161 (10th Cir. 2006) ("[A] pleading that has been amended . . . supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.") (quotation omitted)). With the exception of the unidentified officers from the FTC, all remaining Defendants have filed motions to dismiss.

[3] As the pages of the Amended Complaint are unnumbered, citations to its page numbers are derived by hand counting the pages.

actions/inactions [and] . . . [t]hat [she] is and has been undergoing long term therapy to enable [her] to walk without the aid of a cane." Id. at 3-4, paras. 12-13.

Specifically, as to Officer Jones, Plaintiff complains that "**no** precautions were taken by Defendant Jones **to prevent inmates** in his **care and custody** at FTC from falling on the wet floor . . . [and] that Defendant Jones gave no verbal warning of the hazard associated with the wet floor, and made no attempts to clean up or have the wet surface cleaned up or dried." Id. at 3, para. 5 (emphasis in original).  Plaintiff further alleges that Officer Jones "did not respond in a timely manner to the fall, and failed to request medical in a timely manner . . . ." Id. at para. 6.

Plaintiff contends that P.A. Mier "did not order xrays done immediately to assure there were no broken bones or serious injuries" when it "was obvious to even a layman that [her ankle] was in fact broken."  Id. at para. 7.  She also alleges that P.A. Mier "assumed" that her injuries were tendonitis "and placed an improper splint on [her] left ankle, and put her[] in a wheelchair."  Id. at para. 8.

Plaintiff complains that Drs. Goforth and Wiles, "both supervisors of the medical department at FTC Oklahoma did not order any xrays after Plaintiff made repeated complaints to the medical staff, nor did they follow up on the injuries until Tuesday April 12, 2007." Id. at para. 9.

## A.    RULE 12(b)(5) MOTION TO DISMISS

Officer Jones seeks dismissal of Plaintiff's claims for insufficient service.  See Fed. R. Civ. P. 12(b)(5).  He contends that he has not been served even though suit was filed over one year ago.  Defendant Jones' Motion to Dismiss, p. 2.

Federal Rule of Civil Procedure 4(m) sets the deadline for serving a defendant and provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . .

A United States employee sued in an individual capacity "for acts or omissions occurring in connection with the performance of duties on behalf of the United States" may be served by serving both the United States and, for purposes of this suit,

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

See Fed. R. Civ. P. 4(e)(2), 4(i)(2)(B).

Plaintiff filed her original complaint on August 17, 2006, and attempted to serve Officer Jones by certified mail addressed to "Duty Officer Jones C/O FTC OKLAHOMA." Praecipe [Doc. No. 4], p. 1.  The return of service filed September 27, 2006, indicates that service on Officer Jones was not completed because the "FTC legal [department] refused to accept [service] due to having more than one employee with the last name of Jones." Return [Doc. No. 5], p.1.  The Court's records are devoid of anything showing that Plaintiff successfully completed service upon Officer Jones.  As well more than 120 days have passed since the complaint was filed, the claims against Officer Jones are subject to dismissal for failure to timely serve him.  See Fed. R. Civ. P. 4(m).

However, Rule 4(m) also provides a mandatory extension of time to complete service if the plaintiff shows "good cause" for the failure to timely serve a defendant. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). The "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (quotation omitted) (commenting upon good cause provision of former Rule 4(j)).

Plaintiff has not attempted to demonstrate good cause for her failure to timely serve Officer Jones. Because the return of service for Officer Jones has been on file for nearly one year and Plaintiff has done nothing in that year to try to serve Officer Jones properly, good cause excusing her failure to timely serve Officer Jones does not exist.

Even though Plaintiff has not shown good cause entitling her to a mandatory extension of time to serve Officer Jones, the Court must still consider whether Plaintiff should be given a permissive extension of time to serve Officer Jones. See Espinoza, 52 F.3d at 842. In determining whether a permissive extension of time is warranted, several factors should be considered, including: (1) whether the applicable statute of limitations has expired; (2) whether the plaintiff is faced with "the complex requirements of multiple service"; and (3) whether, in the case of a pro se plaintiff, the failure to effect timely service is the result of confusion or delay attending the resolution of an *in forma pauperis* petition. See id. at 842 & n.8 (quotation omitted).

A permissive extension of time is not warranted here. If Plaintiff's claims against Officer Jones are dismissed, and assuming she would continue to pursue Bivens relief

5

against him, a subsequent suit will be barred by the two-year statute of limitations.  <u>See</u>

Okla. Stat. tit. 12, § 95(3); <u>see also</u> <u>Van Tu v. Koster</u>, 364 F.3d 1196, 1198 (10th Cir. 2004)

(noting that <u>Bivens</u> claims are generally governed by the statute of limitations for general

personal injury claims in the state where the claim arose).  However, by taking advantage

of Oklahoma's savings statute, Plaintiff could proceed with a <u>Bivens</u> suit even though the

statute of limitations has expired.  <u>See</u> Okla. Stat. tit. 12, § 100; <u>cf.</u> <u>Williams v. City of</u>

<u>Guthrie</u>, No. 03-6212, 109 Fed. Appx. 283, 286 (10th Cir. Sept. 8, 2004) (applying

Oklahoma savings statute to § 1983 claim filed in federal court);[4] <u>Mott v. Carlson</u>, 786

P.2d 1247, 1248 (Okla. 1990) (noting that a suit dismissed for failure to serve a summons

under state law may be refiled within one year of dismissal); <u>Grider v. USX Corp.</u>, 847

P.2d 779, 783 (Okla. 1993) (noting that Okla. Stat. tit. 12, § 100 "applies to extend the

limitations period regardless whether the dismissed suit was filed in state court or federal

court sitting within the state of Oklahoma.").  Moreover, the mere fact that the applicable

limitations period has run does not make dismissal inappropriate.  <u>See</u> <u>Despain</u>, 13 F.3d

at 1439.

     Further, although this is a case where a pro se plaintiff is faced with "the complex

requirements of multiple service," the circumstances do not compel the conclusion that

Plaintiff should be given another opportunity to serve Officer Jones.  Plaintiff's failure to

serve Officer Jones has been brought to her attention at least four times (through the

return of service filed in September 2006, the undersigned's order concerning service

entered on December 21, 2006, and Officer Jones' two motions to dismiss filed in January

---

[4]This and any other unpublished disposition cited herein are cited for persuasive authority
pursuant to Tenth Circuit Rule 32.1.

and June 2007).  Despite these notices, she has not acknowledged the issue, re-attempted service on Officer Jones, requested an extension of time to do so, sought discovery of Officer Jones' full name, or otherwise pursued an effort to serve him.  It is the Plaintiff's "responsibility to monitor the progress of service and to take reasonable steps to assure that [defendants are] timely served."  May v. Okla. Dep't of Corr., No. 99-6267, 2000 WL 633244, at *2 (10th Cir. May 17, 2000) (citing Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir. 1991)); accord Fed. R. Civ. P. 4(c)(1).  Since the defective service upon Officer Jones has been repeatedly brought to Plaintiff's attention and she has not manifested any intent to serve Officer Jones, a permissive extension is not appropriate.

Officer Jones' motion to dismiss for insufficient service should be granted and Plaintiff's claims against Officer Jones should be dismissed without prejudice.

Similarly, the undersigned notes that in her amended complaint, Plaintiff continues to name "Unknown Federal Officers" as Defendants and has not served them even though she has had over one year from the original filing of suit to discover their names and serve them.  Amended Complaint, pp. 1-2.  Since the 120-day deadline to serve these Defendants has lapsed, it is appropriate to dismiss Plaintiff's claims against them as well.  See Fed. R. Civ. P. 4(m).  Moreover, as with Officer Jones, a permissive extension of time is not warranted.  Plaintiff should be aware that service upon these Defendants was not and could not be completed until she specifically identified them and she certainly knew since September 29, 2006, they had not been served as that is the date when the return of service for these Defendants was filed, unexecuted, because the "BOP does not accept process that does not specify an individual name. [N]eeds to be

more specific."   Return [Doc. No. 11], p.1.  Accordingly, Plaintiff's claims against the

unknown Defendants should be dismissed without prejudice.

**B.      RULE 12(b)(6) MOTION TO DISMISS**

Traditionally, a complaint has been subject to Rule 12(b)(6) dismissal for failure

to state a claim upon which relief can be granted if "it appear[ed] beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to

relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), abrogated by <u>Bell Atlantic</u>

<u>Corporation v. Twombly</u>, 127 S. Ct. 1955 (2007).  However, in <u>Twombly</u>, the Supreme

Court remarked that this phrase is "best forgotten as an incomplete, negative gloss on an

accepted pleading standard" that  "has earned its retirement."  127 S. Ct. at 1969.  In its

place, the Court articulated a new "plausibility" standard for reviewing Rule 12(b)(6)

motions to dismiss under which a complaint must include "enough facts to state a claim

to relief that is plausible on its face." <u>Id.</u> at 1974; <u>accord</u> <u>Alvarado v. KOB-TV, L.L.C.</u>, 493

F.3d 1210, 1215 n.2 (10th Cir. 2007).  "Rather than adjudging whether a claim is

'improbable, factual allegations in a complaint must be enough to raise a right to relief

above the speculative level.'" <u>Kay v. Bemis</u>, ___ F.3d ___, 2007 WL 2694053, at *2 (10th

Cir. Sept. 11, 2007) (alterations omitted) (quoting <u>Twombly</u>, 127 S. Ct. at 1965)

(evaluating pro se prisoner complaint under plausibility standard).

Although the familiar "no set of facts" standard has been abandoned, certain

principles developed under the standard apply equally to review under the new

plausibility standard.  <u>See</u> <u>Twombly</u>, 127 S. Ct. at 1964-65; <u>see also</u> <u>Erickson v. Pardus</u>,

127 S. Ct. 2197, 2200 (2007) (per curiam) (reviewing pro se prisoner's complaint under

plausibility standard). Accordingly, a court considering the sufficiency of a complaint still must "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay, 2007 WL 2694053, at *2 (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)). Furthermore, a pro se complaint must be liberally construed and held to less stringent standards than pleadings drafted by lawyers. Erickson, 127 S. Ct. at 2200 (quotations omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the broad reading of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, a reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); accord Twombly, 127 S. Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)).

Additionally, a court evaluating a complaint tested by a motion to dismiss may consider the complaint and any documents attached as exhibits. Hall, 935 F.2d at 1112; see also Erickson, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference to the allegations of the complaint).

1.    **FEDERAL BUREAU OF PRISONS**

The BOP has moved to dismiss the amended complaint by arguing that it is not a proper party to this suit and that Plaintiff has "fail[ed] to allege a basis upon which to bring this suit."  Defendant Federal Bureau of Prisons' Motion to Dismiss, pp. 1-2.

In <u>Bivens</u>, the Supreme Court "recognized a private right of action in favor of victims of constitutional violations committed by federal *agents* in the performance of their official duties."  <u>Farmer v. Perrill</u>, 275 F.3d 958, 960 n.4 (10th Cir. 2001) (italics added).  As <u>Bivens</u> is a remedy for redressing constitutional violations committed by federal agents in their individual capacities, it is not possible to bring a <u>Bivens</u> claim against the United States, its agencies, or public officials in an official capacity. <u>Id.</u> at 963 ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."); <u>Dahn v. United States</u>, 127 F.3d 1249, 1254 (10th Cir. 1997) ("The United States and its agencies are not subject to suit under Bivens.").  Accordingly, "a *Bivens* claim cannot be brought against the BOP, as a federal agency. . . ."  <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1214 (10th Cir. 2003), <u>abrogated in part on other grounds by</u> <u>Jones v. Bock</u>, 127 S. Ct. 910, 921 (2007); <u>see also</u> <u>Hatten v. White</u>, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies . . . .").

Plaintiff's complaint names the BOP, a federal agency, as a Defendant to her <u>Bivens</u> claims.  Amended Complaint, pp. 1-2.  Because <u>Bivens</u> claims cannot be maintained against a federal agency, the amended complaint fails to state a claim upon which relief

may be granted against the BOP.  Accordingly, the BOP's motion to dismiss Plaintiff's
<u>Bivens</u> claim should be granted.

### 2.    DR. GOFORTH

Dr. Goforth argues that the amended complaint fails to state a claim against him
because it does not contain allegations showing that he personally participated in
bringing about the constitutional deprivations alleged.  Defendant Goforth's Motion to
Dismiss, pp. 5-7.  Plaintiff's sole allegation against Dr. Goforth that is supported with any
factual specificity is that he was a "supervisor[] of the medical department at FTC
Oklahoma [and] did not order any xrays after Plaintiff made repeated complaints to the
medical staff, . . . [or] follow up on the injuries until Tuesday April 12, 2007."[5]  Amended
Complaint, p. 3, para. 9.

A respondeat superior theory of liability will not support a <u>Bivens</u> claim; instead,
<u>Bivens</u> liability must be based upon direct, personal involvement in the alleged
constitutional violation.  <u>See</u> <u>Steele</u>, 355 F.3d at 1214; <u>see also</u> <u>Kite v. Kelley</u>, 546 F.2d
334, 337 (10th Cir. 1976).  Consequently, "[i]n constitutional tort suits against federal
officials for monetary damages . . . the complaint must allege the defendants participated
or acquiesced in the alleged unlawful conduct of their subordinates."  <u>Smith v. Rubin</u>,
No. 97-1242, 1998 WL 99019, at *3 (10th Cir. Mar. 9, 1998) (citing <u>Kite</u>, 546 F.2d at 337);
<u>accord</u> <u>Garrett v. Stratman</u>, 254 F.3d 946, 950 n.4 (10th Cir. 2001).

Plaintiff has not alleged that Dr. Goforth was personally involved in the alleged
constitutional deprivation made the basis of the complaint because she has not provided

---

[5] Plaintiff's reference to the year 2007 appears to be an error as the events upon which this suit are
premised occurred in 2005.  Amended Complaint, p. 2, para. 3.

any facts to show his direct involvement or acquiescence  in the events made the basis of her suit.  <u>See</u> Amended Complaint, p. 3.   The allegation that Dr. Goforth had supervisory authority over the medical department at the FTC is insufficient to support <u>Bivens</u> liability.  <u>See</u> <u>Kite</u>, 546 F.2d at 337.  Plaintiff's other allegations do not show that Dr. Goforth was personally involved in treating her.  Thus, Plaintiff has failed to allege Dr. Goforth's personal participation in the alleged constitutional deprivation. Accordingly, the amended complaint fails to state a <u>Bivens</u> claim against Dr. Goforth and his motion to dismiss Plaintiff's <u>Bivens</u> claim should be granted.

Furthermore, dismissal of Plaintiff's claims against Dr. Goforth is appropriate for the reasons Dr. Wiles raised in his motion to dismiss which are discussed in the following section.

### 3.   DR. WILES & P.A. MIER

Dr. Wiles and P.A. Mier have moved to dismiss the amended complaint by arguing that Plaintiff's allegations fail to state a claim for deliberate indifference to serious medical needs.  They contend that Plaintiff's allegations show "[a]t most . . . her disagreement with the medical treatment provided."  Defendants Mier and Wiles' Motion to Dismiss, p. 4.

In the amended complaint, Plaintiff avers that Dr. Wiles and P.A. Mier "willfully" disregarded a "severe injury to her left ankle" by denying her "proper and timely medical care."  Amended Complaint, p. 2, para. 3 (emphasis eliminated).  She also claims that Dr. Wiles and P.A. Mier "failed to follow the proper procedure for the care and treatment of the Plaintiff that are set forth in the FBOP and the CFR."  Amended Complaint, p. 3 at

para. 10.  As to Dr. Wiles in particular, Plaintiff claims that he was a supervisor of the FTC medical department and he "did not order any xrays after Plaintiff made repeated complaints to the medical staff, nor did [he] follow up on the injuries until Tuesday, April 12, 2007." Id. at para. 9.  With respect to P.A. Mier, Plaintiff alleges that he "did not order xrays done immediately to assure there were no broken bones or serious injuries" even though it "was obvious to even a layman that [her ankle] was in fact broken." Id. at para. 7. She also contends that P.A. Mier "only assumed it was tendentious [sic] and placed an improper splint on [her] left ankle, and put her[] in a wheelchair." Id. at para. 8.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishments because it amounts to the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Kikumura v. Osagie, 461 F.3d 1269, 1291 (10th Cir. 2006). An Eighth Amendment deliberate indifference claim has an objective component, whether the deprivation is sufficiently serious, and a subjective component, whether the prison official acted with a sufficiently culpable state of mind. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 809 (10th Cir. 1999).  A  medical need is "sufficiently serious" if the condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (citations and quotations omitted). Further, "the question raised by the objective prong of the deliberate indifference test is whether the alleged harm . . . is sufficiently serious . . . rather than whether the

13

symptoms displayed to the prison employee are sufficiently serious . . . ." <u>Mata v. Saiz</u>, 427 F.3d 745, 753 (10th Cir. 2005); <u>accord</u> <u>Kikumura</u>, 461 F.3d at 1292.

To show that a prison official acted with a sufficiently culpable state of mind, a plaintiff must establish that the official knew of and disregarded an excessive risk to the inmate's health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  Essentially, the defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Garrett v. Stratman</u>, 254 F.3d 946, 949-50 (10th Cir., 2001) (quoting <u>Farmer</u>, 511 U.S. at 837).

As Dr. Wiles and P.A. Mier do not argue that Plaintiff's contentions concerning the objective component of her claim are deficient, it is assumed that her averments of ankle injury (caused by a fall) and continuing pain and complications are a sufficiently serious deprivation.   Thus, the question is whether Plaintiff has alleged facts adequately supporting the subjective component of her claim. <u>See</u> <u>Self v. Crum</u>, 439 F.3d 1227, 1233 (10th Cir. 2006), <u>cert.</u> <u>denied</u>, 127 S. Ct. 131 (2006).

Plaintiff's allegations do not show that P.A. Mier acted with the requisite mental culpability.  Her claims that P.A. Mier misdiagnosed her broken ankle as tendonitis and, thus, failed to obtain an x-ray, do not support an Eighth Amendment claim because "a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim." <u>Self v. Crum</u>, 439 F.3d at 1234.  Plaintiff's claims concerning P.A. Mier's "improper" splint placement do not show deliberate indifference either because mere negligence in treating a medical condition does not amount to a violation of the Eighth Amendment. <u>Sealock v. Colorado</u>,

14

218 F.3d 1205, 1211 (10th Cir. 2000); <u>Estelle</u>, 429 U.S. at 106.   All that Plaintiff's allegations concerning P.A. Mier show is that he underappreciated the significance of her injuries and recommended a course of treatment consistent with his, albeit erroneous, assessment.  <u>See</u> Amended Complaint, p. 3, paras. 7-8.  Accordingly, Plaintiff has alleged, at most, medical negligence which is not remediable as an Eighth Amendment claim of deliberate indifference.  <u>Sealock</u>, 218 F.3d at 1211.

Similarly, Plaintiff has not adequately alleged that Dr. Wiles was aware that she faced a substantial risk of harm and failed to take measures to abate it.  Although Plaintiff complains that Dr. Wiles did not order x-rays of her ankle, her allegation is only that she complained to "medical staff," including P.A. Mier, about her ankle - not directly to Dr. Wiles.  <u>See</u> Amended Complaint, p. 3, para. 9.  Thus, she has made no allegation to support an inference that Dr. Wiles was even aware of her injury.  Without facts establishing that Dr. Wiles knew of and disregarded Plaintiff's injury, his failure to treat it is not actionable in an Eighth Amendment deliberate indifference claim.  <u>See</u> <u>Garrett</u>, 254 F.3d at 949-50.  Furthermore, Dr. Wiles' supervisory authority over the medical department at the FTC does not support liability because direct participation in the constitutional deprivation alleged is required to maintain a deliberate indifference claim. <u>See</u> <u>id.</u> at 950 n.4; <u>see also</u> <u>Rubin</u>, No. 97-1242, 1998 WL 99019, at *3.

Finally, Plaintiff's allegation that Dr. Wiles and P.A. Mier failed to follow the proper procedure for treating inmates as set forth in BOP policies and the Code of Federal Regulations does not support an Eighth Amendment deliberate indifference claim because "published requirements for health care do not create constitutional rights . . .

." Mata, 427 F.3d at 757. Accordingly, Plaintiff's conclusory allegation that P.A. Mier and Dr. Wiles failed to follow unidentified regulations concerning inmate health care does not state an Eighth Amendment deliberate indifference claim.

Thus, Dr. Wiles and P.A. Mier's motion to dismiss for failure to state a claim should be granted.

Notably, it seems as though Plaintiff tried to curb the Court's ability to assess the sufficiency of her allegations by eliminating from the Amended Complaint much of the factual specificity contained in the original complaint. Compare Complaint, pp. 3-12, with Amended Complaint, pp. 2-4. A Plaintiff will not survive a motion to dismiss by concealing the facts upon which a claim rests. The Court's obligation to read a pro se litigant's pleadings broadly,

> does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted . . . [I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Hall, 935 F.2d at 1110 (citations omitted).

**4. FEDERAL TORT CLAIMS**

Defendants argue that the amended complaint appears to bring only Bivens claims for the violation of Plaintiff's constitutional rights. Defendant Jones' Motion to Dismiss, p. 5; Defendant Federal Bureau of Prisons Motion to Dismiss, p. 3; Defendant Goforth's Motion to Dismiss, p. 5; Defendants Mier and Wiles' Motion to Dismiss, p. 5. In the

amended complaint, Plaintiff has abandoned the references to the Federal Tort Claims Act ("FTCA") made in the original complained and language associated with an Eighth Amendment deliberate indifference claim cognizable in a <u>Bivens</u> suit. <u>Compare</u> Complaint, p. 12, <u>with</u> Amended Complaint, pp. 3-4. Thus, it appears that Defendants correctly argue that Plaintiff has abandoned the FTCA claims presented in her original complaint. <u>See</u> <u>Franklin</u>, 160 Fed. Appx. at 734. Nevertheless, Defendants have moved to dismiss any of Plaintiff's claims purportedly brought under the FTCA. Defendant Jones' Motion to Dismiss, p. 5; Defendant Federal Bureau of Prisons Motion to Dismiss, p. 3; Defendant Goforth's Motion to Dismiss, p. 5; Defendants Mier and Wiles' Motion to Dismiss, p. 5.

The only proper defendant in an FTCA suit is the United States. <u>Oxendine v. Kaplan</u>, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001). Plaintiff has not named the United States as a Defendant and instead has sued only individual federal employees (Drs. Goforth and Wiles, P.A. Mier, and Officer Jones) and a federal agency (the BOP), none of which are proper defendants in an FTCA action. As an FTCA suit cannot be brought against the named Defendants, to the extent the amended complaint can be read to assert an FTCA claim, it should be dismissed for failure to state a claim.

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that Defendants' motions to dismiss [Doc. Nos. 41, 42, 43, and 44] be granted. Further, it is recommended that Plaintiff's claims against the "Unknown Federal Officers at FTC Oklahoma" be dismissed without prejudice. Plaintiff is advised of her right to file an objection to this Report and

Recommendation with the Clerk of this Court by October 23, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

**ENTERED this 3rd day of October, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE